UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DEVAUGHN WOODS,<br><br>　　　　　Defendant. | No. CR18-254-RSL<br><br>**ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of an Order of Forfeiture ("Motion) seeking to forfeit, to the United States, Defendant Devaughn Woods' interest in

> A sum of money in the amount of $155,032.46, representing proceeds the Defendant obtained from his commission of Conspiracy to Commit Wire Fraud and Computer Fraud and Abuse and Conspiracy to Commit Money Laundering. The United States agrees it will request the Attorney General apply any amounts it collects toward satisfaction of this forfeited sum to the restitution that is ordered in this case. The United States also agrees that any amount the Defendant pays toward restitution will be credited against this forfeited sum.

The Court, having reviewed United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

Order of Forfeiture - 1
*United States v. Woods,* CR18-254-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The proceeds of Conspiracy to Commit Wire Fraud and Computer Fraud and Abuse, in violation of 18 U.S.C. § 371, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and 18 U.S.C. § 1030(i)(1)(B);
- The proceeds of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), are forfeitable pursuant to 18 U.S.C. § 982(a)(1);
- In his plea agreement, the Defendant agreed to forfeit the above-identified sum as it reflects proceeds he obtained from his commission of the offenses (Dkt. No. 9, ¶ 8); and,
- This sum of money is personal to the Defendant; pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), 1030(i) and 28 U.S.C. § 2461(c), the Defendant's interest in the above-identified sum of money is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) No right, title, or interest in this sum of money exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed this sum of money; and,

///

Order of Forfeiture - 2
*United States v. Woods,* CR18-254-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5)  The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this __13th__ day of August, 2020.

_____
THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

 /s Michelle Jensen
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

Order of Forfeiture - 3
*United States v. Woods,* CR18-254-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970